IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BRENDA GONZALEZ-SANTINI,

    **Plaintiff,**

            **v.**                        **CIVIL NO.** 13-1375 (FAB)

RICARDO LUCKE, TROPICAL MARINE,
INC.,

    **Defendants.**


**MEMORANDUM AND ORDER**


BESOSA, District Judge.

    Before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Camille Velez-Rive. (Docket No. 32.) The magistrate judge recommends that defendant Tropical Marine, Inc.'s ("Tropical Marine") motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and (2) ("Rule 12(b)(2)"), (Docket No. 27), be granted. After an independent review of the record, the plaintiff's objections to the R&R, (Docket No. 33), and defendant Tropical Marine's reply to plaintiff's objections, (Docket No. 34), the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R, and **GRANTS** defendant Tropical Marine's motion to dismiss.

**DISCUSSION**

**I.   Background**

The Court declines to rehash all of the facts.  Background information or facts will be recounted as needed in the Court's subsequent legal analysis of particular issues.  See United States v. Stierhoff, 549 F.3d 19, 21 (1st Cir. 2008).

On May 13, 2013, plaintiff Brenda Gonzalez-Santini ("Gonzalez") filed a complaint, which alleged admiralty jurisdiction pursuant to 28 U.S.C. § 1333.   (Docket No. 1 at p. 1.)  Gonzalez also requests a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and a preliminary injunction against defendants.  Id. at pp. 1 & 9-15.  On May 17, 2013, plaintiff Gonzalez filed an amended complaint, which seeks the same relief but clarifies that she is requesting a Rule 65(a) Preliminary Injunction against all defendants.  (Docket No. 4.)

In her amended complaint, plaintiff Gonzalez states the following facts:

Palomino Water Sports, Inc. ("PWS") was the sole owner of a thirty-six foot motor yacht, M/Y TAKEN.  (Docket No. 4 at p. 2.) On May 15, 2012, a representative of PWS, Abdiel Rosado ("Rosado"), entered into an Option to Purchase Agreement ("the option contract") with plaintiff Gonzalez and defendant Ricardo Lucke ("Lucke").  Id. at p. 3.  Among other terms, the option contract grants Gonzalez and Lucke "an option and right to purchase the M/Y

Civil No. 13-1375 (FAB)                                                    3

TAKEN in consideration for a payment of $10,0000 to Oriental Bank ("Oriental")", who is the lender and mortgagee of the M/Y TAKEN. Id.

Gonzalez and Lucke allegedly agreed that Gonzalez would pay for and purchase the yacht; indeed, Gonzalez "and no one else exercised the option to purchase the M/Y TAKEN . . . " Id. at p.4. By May 30, 2013, Gonzalez allegedly complied with the terms of the option contract and paid the necessary parties for the M/Y TAKEN. Id. at pp. 4-5. PWS allegedly gave her a Bill of Sale and Gonzalez avers that on June 6, 2012, Oriental allegedly gave notice to the Puerto Rico Office of the Commissioner of Navigation that the mortgage lien on the boat had been extinguished. Id. at pp. 5-6. Gonzalez then took possession of the yacht, used it, maintained it, and paid for its insurance and other expenses. Id. at p. 6. Between June 2012 and February 2013, Gonzalez allegedly "made repeated efforts" to obtain a Certificate of Title and/or a Certificate of Documentation for the yacht from Oriental or PWS. Id. Gonzalez has not received either document, however, from either company. Id.

On June 8, 2012, Lucke allegedly fraudulently represented to the Office of the Puerto Rico Commissioner of Navigation that he was the owner of the M/Y TAKEN and registered the yacht under his name. Id. Gonzalez claims that in October 2012, Lucke also allegedly listed the M/Y TAKEN for sale without Gonzalez's

permission.  Id.  Gonzalez demanded that "Lucke refrain from accessing, moving or operating the yacht."  Id. at p. 7.  Lucke allegedly ignored Gonzalez's orders and on or around February 9, 2013, he removed the yacht from its berth in Fajardo, Puerto Rico; sailed it to the U.S. Virgin Islands; and then, on April 6, 2013, sold it to Tropical Marine.  Id.  Between April and May 2013, Lucke allegedly represented that he would "reimburse Tropical Marine the funds it used to purchase the M/Y TAKEN so Tropical Marine could return the yacht to Gonzalez."  Id.  Therefore, Gonzalez argues that defendant Lucke has wrongfully detained the yacht and converted it for his own use, which has caused Gonzalez damages. Id. at p. 8.  She also requests a declaratory judgment and preliminary injunctive relief against the defendants.  Id. at pp. 9-15.

On June 18, 2013, defendant Tropical Marine filed a motion to dismiss the case.  (Docket No. 27.)  On June 26, 2013, Magistrate Judge Camille L. Velez-Rive issued an R&R recommending that defendant Tropical Marine's motion to dismiss be granted.  (Docket No. 32, at p. 11.)  The magistrate judge found that the Court has no admiralty jurisdiction in this case because there is no maritime contract involved in the matter.  Id. at p. 5.  She also determined that this is a suit for "an accounting between co-owners of a vessel . . ."  Id. at p. 6.  Finally, the magistrate judge indicated that the "right of ownership" that plaintiff Gonzalez

claims "rests on equities and not maritime law," and that absent any proceeding *in rem*, the *in personam* claims in the complaint may not be considered by federal courts pursuant to its admiralty jurisdiction. Id. at p. 9.

On July 3, 2013, plaintiff Gonzalez filed her objections to the magistrate judge's R&R. (Docket No. 33.) On July 8, 2013, defendant Tropical Marine filed a reply to plaintiff's objections. (Docket No. 34.) After an independent review of the record, the plaintiff's objections to the R&R, (Docket No. 33), and defendant Tropical Marine's reply to plaintiff's objections, (Docket No. 34), the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R, and **GRANTS** defendant Tropical Marine's motion to dismiss.

## II. Legal Standards

### A. Legal Standard under 28 U.S.C. § 636(b)(1)

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days[1] of being served with the magistrate judge's report. See 28 U.S.C. § 636(b)(1).

---

[1] In this case, the magistrate judge stated in her R&R that the parties are granted a reduced time to file their objections given that the preliminary injunction hearing had already been scheduled for July 12, 2013. (Docket No. 32 at p. 11.)

A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).   Failure to comply with this rule precludes further review.   See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).   Furthermore, the objecting party must put forth more than "[c]onclusory objections that do not direct the reviewing court to the issues in controversy." Velez-Padro v. Thermo King de Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006).   Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, "the district court should be spared the chore of traversing ground already plowed by the Magistrate." Gonzalez-Ramos v. Empresas Berrios, Inc., 360 F. Supp. 2d 373, 376 (D.P.R. 2005) (citing Sackall v. Heckler, 104 F.R.D. 401 (D.R.I. 1984)).   The party's objections must be grounded "in fact . . . and warranted by existing law or a good faith argument for the extension" rather than a reiteration of arguments already considered and rejected by the magistrate judge.   Id.

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (a)(b)(1); Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st

Cir. 1985); <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F. Supp. 2d 144, 146 (D.P.R. 2003).  Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object.  <u>See</u> <u>Hernandez-Mejias v. General Elec.</u>, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing <u>Lacedra v. Donald W. Wyatt Detention Facility</u>, 334 F. Supp. 2d 114, 125-126 (D.R.I. 2004)).

**B.    Legal Standard Under Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction. <u>Destek Grp. v. State of N.H. Pub. Utils. Comm'n.</u>, 318 F.3d 32, 38 (1st Cir. 2003).  Accordingly, "federal courts have the duty to construe their jurisdictional grants narrowly." <u>Fina Air, Inc. v. United States</u>, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (citing <u>Alicea-Rivera v. SIMED</u>, 12 F. Supp. 2d 243, 245 (D.P.R. 1998)). Because federal courts have limited jurisdiction, the party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction.  <u>Viqueira v. First Bank</u>, 140 F.3d 12, 16 (1st Cir. 1998) (internal citations omitted).

Pursuant to Rule 12(b)(1), a party may move to dismiss an action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); <u>see also</u> <u>Valentin v. Hosp. Bella Vista</u>, 254 F.3d 358, 362 (1st Cir. 2001) (discussing how Rule 12(b)(1) is the "proper vehicle for challenging a court's subject-matter jurisdiction."). Motions brought pursuant to Rule 12(b)(1) are subject to a similar standard as Rule 12(b)(6) motions.  Defendant Tropical Marine moves

to dismiss this action pursuant to both Rules 12(b)(1) and 12(b)(2).[2]

    Subject-matter jurisdiction is properly invoked when a colorable claim "arising under" the Constitution or laws of the United States is pled.  28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (internal citation omitted).  Usually, a claim arises pursuant to federal law if a federal cause of action emerges from the face of a well-pleaded complaint.  See Viqueira, 140 F.3d at 17 (internal citations omitted).  In considering a Rule 12(b)(1) motion, therefore, "[the district court] must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor."  Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin, 254 F.3d at 363).

## III. Analysis

    In her objections to the magistrate judge's R&R, plaintiff Gonzalez argues that this Court has admiralty jurisdiction over plaintiff's claims.  Mainly, plaintiff argues (1) that she does not need a recorded title for admiralty jurisdiction, (2) that there is no requirement that any petitory or possessory claims be filed *in rem* pursuant to the applicable procedural rules, (3) that the Court has admiralty jurisdiction over her conversion claims, and (4) that

---

    [2] Because the Court finds that there is no subject matter jurisdiction over the controversy, the Court declines to address defendant Tropical Marine's personal jurisdiction argument pursuant to Rule 12(b)(2).

the magistrate judge incorrectly found that the case involves a "partnership dispute," a "division of profits," and an "accounting between co-owners." (Docket No. 33.)  The Court finds plaintiff's arguments unavailing and discusses each argument in turn.

Federal courts have original jurisdiction over admiralty or maritime civil suits.[3]   28 U.S.C. § 1331(1).   Admiralty jurisdiction can only be asserted over plaintiff's claims in two ways:  (1) if plaintiff seeks legal title to, or to repossess, a vessel pursuant to the Federal Rules of Civil Procedure and in particular, Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule D"); or (2) if plaintiff's conversion claim is properly characterized as "maritime" in nature.  First, the Court finds that plaintiff's claim is an equitable one and not a legal claim to title and possession, and thus, the Court cannot extend admiralty jurisdiction over plaintiff's Rule D claims. Furthermore, the plaintiff fails to follow the procedure as set out in Rule D.  Second, plaintiff's wrongful conversion claim is not maritime in nature.  Therefore, the Court finds that admiralty jurisdiction does not extend to this controversy.

**A.    Admiralty Jurisdiction Pursuant to Rule D**

"It is beyond dispute that admiralty jurisdiction extends to possessory and petitory actions."  <u>Mullane v. Chambers</u>, 333 F.3d

---

[3] Admiralty jurisdiction is the only possible basis for jurisdiction in this case because plaintiff concedes that there is no diversity jurisdiction.  (Docket No. 29 at p. 3.)

322, 327 (1st Cir. 2003)(internal citations omitted).  The First Circuit Court of Appeals has distinguished a possessory action, which is "one in which a party seeks to recover possession of a vessel of which she has been wrongfully deprived," from a petitory action, which is "one to assert legal title to a vessel."  Id. at 327-28 (internal citations omitted).  For both possessory and petitory suits, the party seeking possession of a vessel pursuant to Rule D, which provides the appropriate procedure to be followed in such cases, "must have legal title or legal claim to possession." Gulf Coast Shell and Aggregate LP v. Newlin, 623 F.3d 235, 239 (5th Cir. 2010) (internal citation and quotation marks omitted).  Rule D states in relevant part, "In all actions for possession, partition, and to try title . . . with respect to a vessel, . . . the process shall be by a warrant of arrest of the vessel . . . and by notice in the manner provided by Rule B(2) to the adverse party or parties." Mullane, 333 F.3d at 327-28 (citing Rule D).  "A Rule D claim asserting only equitable interests, with no separate basis for admiralty jurisdiction, is not cognizable in admiralty." Gulf Coast Shell, 623 F.3d at 239 (internal citations omitted).

    Similar to the plaintiffs in Gulf Coast Shell, who "offered no support as to why its claim is legal rather than equitable," 623 F.3d at 239, plaintiff Gonzalez has provided no argument as to why she has legal title or possession to the M/Y

TAKEN.  Unlike the plaintiffs in Mullane, 333 F.3d at 328, who "asserted legal title and sought immediate repossession of their vessel" via a warrant of arrest of the vessel, plaintiff Gonzalez followed no such procedure and provided no proof that she followed Rule D's process by a warrant of arrest of the M/Y TAKEN.  To the contrary, plaintiff Gonzalez, like those in Gulf Coast Shell, 623 F.3d at 239, admits that she does not have a Certificate of Legal Title or Certificate of Documentation to the M/Y TAKEN.  (Docket No. 4 at p. 6.)  Indeed, she merely argues that she is the "bona fide owner" and "that she has become the title holder of record" through her actions of executing all of the actions required of her in the option contract.  Id. at pp. 4-5.  Therefore, plaintiff's argument is that through her actions, she has an equitable interest in the M/Y TAKEN.  That equitable interest alone, however, is insufficient for admiralty jurisdiction unless there is a separate basis for admiralty jurisdiction.  Gulf Coast Shell, 623 F.3d at 239.

   **B.   Admiralty Jurisdiction Under the Basis of a "Maritime" Contract**

       Plaintiff Gonzalez's claim may still have a separate basis for admiralty jurisdiction if her wrongful conversion claim involves a "maritime" contract.  Plaintiff Gonzalez argues briefly that because her conversion claim of the M/Y TAKEN occurred on navigable waters, this Court has admiralty jurisdiction over her case.  (Docket No. 33 at p. 10.)  She ignores entirely, however,

the well-established principle that "a maritime contract is one relating to a ship *in its use as such*, or to commerce or navigation on navigable waters, or to transportation by sea or to maritime employment" and that "[t]he mere fact that a ship is involved will not bring the cause within the jurisdiction of the admiralty court." See e.g, Gulf Coast Shell, 623 F.3d at 240 (internal citations and quotation marks omitted) (emphasis added); see also Mullane, 333 F.3d at 328 (reiterating that there is a "well established general rule that admiralty will not entertain suits where the substantive rights of the parties flow from a contract to sell or construct a vessel") (internal citation and quotation marks omitted); Cary Marine, Inc. v. Motorvessel Papillon, 872 F.2d 751, 754-55 (6th Cir. 1989) (citing a First Circuit case and discussing how federal admiralty jurisdiction does not extend to contracts which are *solely* for the sale of a vessel but such jurisdiction is properly exercised over contracts to charter a vessel); Privilege Yachting, Inc. v. Teed, 849 F. Supp. 298, 301 (D. Del. 1994) (discussing how "contracts for the construction or sale of a vessel" are considered "non-maritime contracts").  Here, plaintiff's conversion claim is not maritime in nature because it does not relate to a vessel in its use as such; the option contract at issue relates solely to the purchase of M/Y TAKEN, which does not constitute maritime activity for the purposes of admiralty jurisdiction.

Criminal No. 13-1375 (FAB)                                        13

        Regardless of whether plaintiff's claim involves "an accounting between co-owners of a vessel . . .," as discussed by the magistrate judge in her R&R, (Docket No. 32 at p. 6), the Court agrees with the magistrate judge that there is no admiralty jurisdiction over plaintiff's claims for two reasons: (1) plaintiff's claim is an equitable one and not a legal claim to title and possession, and thus, the Court cannot extend admiralty jurisdiction over plaintiff's alleged Rule D claims; and (2) plaintiff's wrongful conversion claim is not maritime in nature because it relates only to a contract that deals solely with a sale of a vessel.  Thus, the Court finds that admiralty jurisdiction does not extend to this controversy and **GRANTS** defendant Tropical Marine's motion to dismiss the case for lack of subject matter jurisdiction on these bases.  The Court declines to address the magistrate judge's discussion, and plaintiff's arguments, regarding whether the controversy involves "an accounting between co-owners of a vessel." (Docket No. 32 at p. 6.)  Therefore, the Court **REJECTS** that part of the magistrate judge's findings and recommendations.

                        **CONCLUSION**

    Having closely considered both the R&R, plaintiff Gonzalez's objections, and defendant Tropical Marine's response to plaintiff's objections, the Court **ADOPTS IN PART** and **REJECTS IN PART** the magistrate judge's findings and recommendations.  Accordingly,

Civil No. 13-1375 (FAB)                                                    14

defendant Tropical Marine's motion to dismiss pursuant to Rule
12(b)(1), (Docket No. 27), is **GRANTED.** Because the Court lacks
subject matter jurisdiction to hear this controversy, the Court
also dismisses the case against defendant Lucke even though he
failed to file any motion to dismiss. This case is **DISMISSED** in
its entirety, **without prejudice.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 12, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
United States District Judge